# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERALDINE SCHULTZ and ROBERT SCHULTZ, | No. 19-cv-03303 |
| Plaintiffs, | Judge John F. Kness |
| v. | |
| WALMART, INC., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

In April 2018, the late Geraldine Schultz[1] slipped and fell—suffering multiple injuries—on the rain-slicked entryway of Walmart store No. 1681 in Mount Prospect, Illinois. Geraldine Schultz, along with her husband, Robert Schultz, sued Defendant Walmart, Inc. in the Circuit Court of Cook County, Illinois on the theory that Walmart negligently allowed water to accumulate in the entryway. According to Plaintiffs, that water caused Plaintiff Geraldine Schultz's fall and resulting injury.

Defendant removed the case to this Court and, following a period of discovery, now moves for summary judgment.[2] Defendant contends there is insufficient evidence to show that the water that caused Geraldine Schultz to fall was anything other than

---

[1] Plaintiff Geraldine Schultz died in October 2019. (*See* Dkt. 47.)

[2] Plaintiffs' claims arise under Illinois law. Jurisdiction is proper in this Court because Plaintiffs (citizens of Illinois) and Defendant (a citizen of Delaware and Arkansas) are citizens of different states and the amount in controversy plausibly exceeds $75,000. 28 U.S.C. § 1332.

a tracked-in, natural accumulation for which Defendant cannot lawfully be held liable. Defendant has also moved to bar Plaintiffs' late-proposed expert, Lloyd Sonenthal.

As explained below, the factual record in this case is undisputed due in part to Plaintiffs' failure, in responding to Defendant's motion for summary judgment, to comply with the Federal Rules of Civil Procedure and the Court's Local Rules. That factual record leads the Court to find that, because the water on which Geraldine Schultz slipped was tracked in from a natural accumulation, Defendant cannot be held liable for Plaintiffs' injuries under Illinois law. Accordingly, for the reasons that follow, the Court grants Defendant's motion for summary judgment. In addition, the Court denies Plaintiffs' motion for leave to file an untimely statement of additional material facts and an amended summary judgment response. Finally, the Court grants Defendant's motion to bar Plaintiffs' proposed expert from testifying.

I. BACKGROUND

Defendant operates a Walmart retail store in Mount Prospect, Illinois. (Dkt. 6 ¶ 2.) On the afternoon of April 15, 2018, Geraldine Schultz slipped and fell on wet tiles near the store's entrance. (*Id.* ¶¶ 4–5.) Plaintiffs allege that, as a direct result of Defendant's negligence, Geraldine was severely injured and suffered pain and anguish. (*Id.* ¶ 6.) Plaintiff Robert Schultz alleges that he suffered loss of consortium. (*Id.* ¶ 7.)

On March 22, 2019, Plaintiffs served Defendant in the Circuit Court of Cook County, Illinois; Defendant then timely removed the case to this Court. (Dkt. 1.) After

an ample period of discovery, Defendant moved for summary judgment. (Dkt. 37.) Defendant complied with the Court's local rules by filing a Rule 56 statement of material facts along with its summary judgment motion. (Dkt. 38.) Plaintiffs timely filed a responsive brief in opposition (Dkt. 41.) But, as discussed below and in violation of LR 56.1(b), Plaintiffs did not timely file either a response to Defendant's statement of material facts or a statement of additional material facts.

On July 29, 2020, the Court held a hearing to discuss Defendant's motion for an extension of time to file a reply brief in support of summary judgment (Dkt. 43), and Plaintiffs' motion to substitute party (Dkt. 44). Despite that approximately nine months had passed before Plaintiffs' counsel drew the Court's attention to Geraldine Schultz's unfortunate passing, and despite the resulting timeliness issue with the motion to substitute party, the Court granted the motion and authorized Robert Schultz to substitute as Administrator of Geraldine Schultz's estate. (Dkt. 51.) In addition, the Court granted Defendant's motion for an extension of time to file its reply in support of summary judgment. (*Id.*) At the July 29, 2020 hearing, however, neither Plaintiffs, Defendant, nor the Court addressed the issue of Plaintiffs' missing LR 56.1 statement (that issue is discussed more fully below).

Following the July 29, 2020 hearing, and more than one month after the Defendant filed its reply brief in which it noted Plaintiffs' failure to comply with LR 56.1(b), Plaintiffs filed a motion seeking leave to file additional facts and to amend their response to Defendant's motion for summary judgment. (Dkt. 59.) That motion seeks relief for Plaintiffs' admitted failure to comply with the Federal Rules of Civil

3

Procedure and this District's Local Rules relating to motions for summary judgment. (*Id.* ¶¶ 1–17.) Defendant opposes Plaintiffs' request and contends that granting Plaintiffs' motion would cause significant prejudice to Defendant. (Dkt. 62.)

Accordingly, pending before the Court for resolution are Defendant's motion for summary judgment, Defendant's motion to bar Plaintiffs' expert Lloyd Sonenthal, and Plaintiffs' motion for leave to file a tardy LR 56.1 statement of additional material facts. (Dkt. 38; Dkt. 53; Dkt. 59.) Each of these motions is addressed below.

## II. LEGAL STANDARD

Summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jewett v. Anders*, 521 F.3d 818, 821 (7th Cir. 2008) (quoting *Magin v. Monsanto Co.*, 420 F.3d 679, 686 (7th Cir. 2005)); *see also* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. As the " 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (cleaned up). All facts, and any inferences to

4

be drawn from them, are viewed in the light most favorable to Plaintiffs as the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).

To apply the proper legal standard as to whether to exclude expert testimony, the Court "merely need[s] to follow *Daubert* in making a Rule 702 determination." *Kirk v. Clark Equip. Co.*, 991 F.3d 865, 872 (7th Cir. 2021) (quoting *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 782 (7th Cir. 2017)). That analysis must "provide more than just conclusory statements of admissibility or inadmissibility to show that it adequately performed its gatekeeping function." *Id.* (quoting *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010)).

In performing this gatekeeping function, the Court should highlight "*Daubert*'s dual focus on relevance and reliability, including the most commonly utilized reliability factors." *Id.* (internal quotation omitted). That process includes making "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid." *Id.* (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993)). The Court may also consider the following nonexhaustive list of factors: (1) whether the scientific theory can or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential error rate; (4) the existence of standards controlling a technique's operation; and (5) whether the technique has achieved general acceptance in the relevant scientific or expert community. *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 505 (7th Cir. 2003) (quoting *Daubert*, 509 U.S. 593–94); *see Kirk*, 991 F.3d at 873 (same). The Court's analysis may be "concise." *Kirk*, 991 F.3d at 873.

### III. DISCUSSION

#### A. Compliance with Local Rule 56.1

Before turning to the merits of the parties' arguments, the Court must address the issue of Plaintiffs' failure to comply with the local rules concerning summary judgment. Defendant argues that Plaintiffs failed to comply with LR 56.1, which required them to submit a statement in response to Defendant's statement of undisputed facts, and that Plaintiffs' failure results in an admission of Defendant's facts. (Dkt. 54 at 2–3).

Consistent with the Local Rules, Defendant filed a LR 56.1(a) statement of undisputed facts with its summary judgment motion. (Dkt. 38.) The relevant factual assertions in Defendant's LR 56.1(a) statement cite evidentiary material in the record and are supported by the cited material. *See* N.D. Ill. L.R. 56.1(d)(1)–(2) (the statement "must consist of concise numbered paragraphs" and each paragraph "must be supported by citation to the specific evidentiary material, including the specific page number, that supports it"); *Dean v. Metro Staffing*, 2021 WL 1208972, at *1 (N.D. Ill. Mar. 29, 2021), *appeal dismissed*, 2021 WL 5381197 (7th Cir. June 23, 2021), *appeal dismissed*, 2021 WL 5544923 (7th Cir. June 23, 2021) (describing procedures under LR 56.1).

LR 56.1(b) required Plaintiffs to file a response to Defendant's LR 56.1 statement. *See Dean*, 2021 WL 1208972, at *1. For each of Defendant's asserted facts, Plaintiffs' response was required to "admit the asserted fact, dispute the asserted fact, or admit in part and dispute in part the asserted fact." N.D. Ill. L.R. 56.1(e)(2).

6

For any disputed facts, Plaintiffs were required to "cite specific evidentiary material that controverts the fact" and "concisely explain how the cited material controverts the asserted fact." N.D. Ill. L.R. 56.1(e)(3). Plaintiffs ignored this requirement and failed to file a statement.

The Seventh Circuit "has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015); *see also Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings"); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("We have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions"); *see also Normand v. Orkin Exterminating Co., Inc.*, 193 F.3d 908, 911 (7th Cir. 1999) ("Ignorance of the law, especially by a lawyer, is no defense to noncompliance with the rules of the court in which he appears").

Accordingly, the Court deems the facts set forth in Defendant's Rule 56.1 statement to be admitted. *See* N.D. Ill. L.R. 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material"); *see also Lipinski v. Castaneda*, 830 F. App'x 770, 771 (7th Cir. 2020) (nonprecedential disposition) ("Because district courts may reasonably require that even pro se litigants strictly comply with local rules, the district court did not abuse its discretion"

7

in deeming the defendants' version of the facts admitted where a pro se plaintiff failed to respond to the defendants' LR 56.1 statement); *Self v. Bergh*, 835 F. App'x 873, 874 n.1 (7th Cir. 2020) (nonprecedential disposition) ("[W]e have frequently explained that district courts may strictly enforce their local rules against pro se litigants at summary judgment"); *Olivet Baptist Church v. Church Mut. Ins. Co.*, 672 F. App'x 607, 607 (7th Cir. 2017) (nonprecedential disposition) ("The district court treated most of the [defendant's] factual submissions as unopposed, because the [plaintiff] failed to contest them in the form required by Local Rule 56.1(b). We have held that the district court is entitled to enforce that rule in precisely the way it enforced the rule in this litigation"); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion") (internal quotation marks omitted).

But even in view of the admission of the facts set forth in Defendant's Rule 56.1 statement, the Court remains aware that "a nonmovant's failure to respond to a summary judgment motion or failure to comply with Local Rule 56.1 . . . does not . . . automatically result in judgment for the movant. [The movant] must still demonstrate that it is entitled to judgment as a matter of law." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations and internal quotation marks omitted). This Court will, therefore, recite the admitted facts in Defendant's Rule 56.1 statement, viewing those facts and any inferences drawn therefrom as favorably to Plaintiffs as the record and LR 56.1 allow. *See Arroyo v. Volvo Grp. N. Am., LLC*, 805

F.3d 278, 281 (7th Cir. 2015) (on summary judgment, the court must view the facts "in the light most favorable to the nonmoving party and draw all reasonable inferences in her favor, without necessarily vouching for their accuracy").

Plaintiffs seek to remedy their failure to file a statement in compliance with LR 56.1 by seeking leave to file a statement of additional facts and amended response to defendant's motion for summary judgment, including an amended expert report. (Dkt. 59.) Defendant objects, contending that granting Plaintiffs' motion would constitute "drastic relief" that would cause Defendant to be "significantly prejudiced." (Dkt. 62 at 1.)

Defendant's objection is persuasive. Plaintiffs offer no reasonable excuse for ignoring the LR 56.1(b) deadline (*see, e.g.*, Dkt. 59 at ¶¶ 6–17); conversely, granting Plaintiffs' motion would impose on Defendant significant costs in terms of time and effort to respond, (Dkt. 62 at 7). Both Plaintiffs and Defendant agree that Plaintiffs should have been on notice of the rule, as it was available to both parties throughout all stages of the litigation. (Dkt. 62 at 2; *see* Dkt. 59 ¶¶ 11–12.) Given the late stage of this case,[3] the lack of a sufficient justification, and the futility of amendment (for

---

[3] Plaintiffs' missing LR 56.1 statement was not discussed during the July 29, 2020 hearing at which, among other things, the Court addressed Defendant's motion for an extension of time to file its reply brief in support of summary judgment. Defendant—which sought additional time to file its reply in support of summary judgment based on Plaintiffs' attempt to rely upon a newly-disclosed expert report (*see* Dkt. 43)—did not call the Court's attention to Plaintiffs' missing LR 56.1 statement. Nor did the Court recognize the deficiency at that time. Had the Court addressed the issue at the July 29, 2020 hearing, the resulting discovery and motion practice concerning Plaintiffs' proposed expert might have been avoided. Regardless, Defendant appropriately raised the issue of the missing LR 56.1 statement in its timely-filed reply brief (Dkt. 54 at 2–3), and it was not until after Defendant's reply was on file that Plaintiffs belatedly sought to remedy their oversight.

9

example, many of the relevant facts the Court relies on in its decision are admitted by Plaintiffs in their proposed response to Defendant's statement of facts, *see* Dkt. 59 at 7–10), to allow Plaintiffs a "do-over" would both impermissibly excuse noncompliance with rules and cause unreasonable prejudice to Defendant. *See Musser v. Gentiva Health Services*, 356 F.3d 751, 759 (7th Cir. 2004) ("[I]t is not an abuse of discretion to conclude that the additional costs to [defendant] of preparing a new summary judgment motion and further delay in extending the trial date are not harmless"); *Dura Automotive Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 616 (7th Cir. 2002). Plaintiffs' motion for leave to file a statement in compliance with LR 56.1 and other miscellaneous relief is therefore denied.

### B. Defendant is Entitled to Summary Judgment

This diversity action arises from events that took place in the state of Illinois. State law "provides the substantive law in a diversity action." *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). Accordingly, the Court must "predict how the Illinois Supreme Court would decide the issues presented here." *Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) (citation omitted). Where the Illinois Supreme Court "has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently." *Id.*

Plaintiffs' Complaint proceeds under the theory of negligence. (Dkt. 6 ¶ 4.) Plaintiffs do not separately plead a theory of premises liability. Under Illinois law, negligence and premises liability are distinct torts with distinct elements that should

10

be analyzed "separately and fully." *Donald v. Target Corp.*, 2016 WL 397377, at *1 (N.D. Ill. Feb. 2, 2016) (collecting cases in which "[c]ourts have recognized the independence of these two claims and have highlighted the different elements required to prove each one"). Accordingly, the Court will only address negligence.[4]

To prevail on a negligence claim under Illinois law, a plaintiff must prove that: (1) the defendant owed a duty of reasonable care to the plaintiff; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injury. *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 721 N.E.2d 614, 620 (Ill. App. Ct. 1999). Where a business invitee, such as a customer at a grocery store, is injured "by slipping on a foreign substance, the defendant business may be liable if the substance was placed on the premises by the negligence of the proprietor or its agents." *Hickey v. Target Corp.*, 2014 WL 1308350, at *3 (N.D. Ill. Apr. 1, 2014) (citing *Olinger v. Great Atl. & Pac. Tea Co.*, 173 N.E.2d 443, 445 (Ill. 1961)); *see also Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014).

Illinois courts have explained that landowners have "no duty to protect others from tracked-in water." *Swartz v. Sears, Roebuck and Co.*, 636 N.E.2d 642, 649 (Ill. App. Ct. 1993). The plaintiff in *Swartz v. Sears* filed a negligence action in state court after "she slipped on a puddle and fell in the service area of defendant's auto service center." *Id.* at 644. That court explained that Illinois courts "consistently held that a

---

[4] Plaintiff Robert Schultz also sues for loss of consortium. Although Walmart's motion for summary judgment does not address the lack of consortium claim, the Seventh Circuit has held that, when such a claim is necessarily predicated on the claim of a directly injured spouse, dismissal of a related loss of consortium claim is appropriate. *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 456 (7th Cir. 2012) (quoting *Monroe v. Trinity Hosp.-Advocate*, 803 N.E.2d 1002, 1005 (Ill. App. Ct. 2003)).

11

landowner is not liable for injuries sustained by plaintiffs who slipped on water that is tracked into a building from natural accumulations outside." *Id.* at 649 (collecting cases). In *Swartz*, the court held that even though there was evidence in the trial court that the puddle may have been an unnatural accumulation—and perhaps not even water—the trial court still erred in refusing to include jury instructions exempting liability from tracked-in water. *Id.* at 650.

Summary judgment for the defendant is proper where "no further evidence is offered other than the presence of the substance and the occurrence of the injury." *Olinger*, 173 N.E.2d at 446; *see Domkiene v. Menards, Inc.*, 2016 WL 4607888, at *4 (N.D. Ill. Sept. 6, 2016) (endorsing directed verdict because natural accumulation of water near mats cannot be a cause of liability under Illinois tort law).

Plaintiffs allege that Defendant improperly placed the slip resistant mats in a manner that allowed the tile floor to become wet and slippery, with water pooling "on the tile immediately adjacent to the door. . . ." (Dkt. 6 ¶ 4.) Plaintiffs further contend that rainwater "was a proximate cause of injuries and damages to the Plaintiff when she slipped on" the wet floor tiles, "causing her to fall." (Dkt. 6 ¶¶ 4–5.)

Plaintiffs have not, however, supported these allegations through a properly-filed LR 56.1 statement—nor have they rebutted Defendant's effectively uncontested statement of material facts. This means that Plaintiffs have not properly pointed the Court to any evidence pertaining to Defendant's handling of the slip-resistant mats or showing that the mats' placement caused an unnatural accumulation of water near the doorway. Put differently, the factual record shows only that water was present on

the floor, and that the water had been "either tracked in or blown in or otherwise a result of the rainstorm outside." (Dkt. 38 ¶ 16.)

Because Plaintiffs have not offered any evidence from which a jury could conclude that the water droplets were placed on the entry tiles by the negligence of Defendant or its agents, Plaintiffs cannot prevail on their negligence theory of liability. *See Olinger*, 173 N.E.2d at 446; *Zuppardi*, 770 F.3d at 653 (affirming summary judgment where plaintiff failed to set forth sufficient evidence to create an inference that defendant caused the water spill that led to her injury); *cf. Bailey v. City of Chicago*, 779 F.3d 689, 697 (7th Cir. 2015) (summary judgment is appropriate where "the factual record is not sufficiently developed for [the Court] to find a question of material fact"). Illinois law is clear that " '[a]n owner or operator is not liable for injuries sustained due to a natural accumulation of tracked in water *even at the sole point of egress or ingress.*' " *Domkiene*, 2016 WL 4607888, at *5 (quoting *Reed v. Galaxy Holdings, Inc.*, 914 N.E.2d. 632, 638 (Ill. App. Ct. 2009)). Accordingly, Defendant is entitled to a summary judgment.

## C. Defendant's Motion to Bar Plaintiffs' Expert is Granted

Having granted Defendant's motion for summary judgment for the reasons provided above, Defendant's separate motion, (Dkt. 53), to exclude Plaintiffs' expert under *Daubert* is likely moot. To the extent the issue remains live, however, and in the interest of completeness, the Court also grants Defendant's motion to exclude Plaintiffs' expert.

To qualify as an expert, that expert's testimony requires "something more than

what is obvious to the layperson in order to be of any particular assistance to the jury." *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001) (cleaned up); *see also Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 293–94 (7th Cir. 1996) (affirming district court's decision to strike an expert affidavit when it failed to offer more than "simple common sense"). An expert's opinions must rely on expertise rather than inferences from the record "that [the expert was] no more qualified than the jury to draw." *TRW Title Ins. Co. v. Security Union Title Ins. Co.*, 887 F. Supp. 1029, 1032 (N.D. Ill. 1995). In assessing the "admissibility of proposed expert testimony, the Court's 'focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.'" *Client Funding Sols. Corp. v. Crim*, 943 F. Supp. 2d 849, 860 (N.D. Ill. 2013) (quoting *Daubert*, 509 U.S. at 595). To that end, the Seventh Circuit has, on numerous occasions, affirmed the exclusion of a purported expert's testimony due to the cursory and unhelpful analysis in that testimony. *See, e.g., Clark v. River Metals Recycling, LLC*, 929 F.3d 434, 438 (7th Cir. 2019) ("Brevity may be the soul of wit, but there is a difference between a complete but concise treatment of a subject and a failure to address the important points").

As Sonenthal admitted in deposition testimony, his opinion that slippery floors are wet and thus a mat should be placed closer to a door than the Defendant chose to place them did not rely on any professional literature. (Dkt. 53-3 at 20–21.) Sonenthal did not visit or inspect the site of the accident to reach the conclusions in his opinion. (*Id.* at 9.) Nor did he measure the relevant mats or personally inspect them to ascertain their slip-resistance. (*Id.* at 14–15.) And although Sonenthal proposes to

14

opine about the duties created by Defendant's policies based on an assumption that those policies are identical to those of a different Walmart store, Sonenthal's review of that other store's policies occurred three years before he provided his proposed expert opinion. (*Id.* at 8.) Sonenthal also does not offer any independent scientific or technical analysis to buttress his claims. In short, because Sonenthal failed to provide a technical or underlying rationale to support his proposed opinion, Sonenthal's report fails to satisfy the nonexhaustive list of *Daubert* factors. *See Deputy*, 345 F.3d at 505 (quoting *Daubert*, 509 U.S. at 593–94).

In addition to the general methodological concerns over Sonenthal's approach, much of Sonenthal's report is copied from another report he provided in an earlier case in which he reviewed the policies of a different Walmart store. (Dkt. 53 at 4–6.) That repetition—relying on analysis and assessment of a dated set of policies from a different Walmart store—further undercuts the relevance of Sonenthal's testimony in this case. Indeed, another judge in this District previously explained how deficient principles and methodology can undermine the relevance of a proffered expert opinion. *Crim*, 943 F. Supp. 2d at 860 (collecting cases); *see Second Amend. Arms v. City of Chicago*, 2020 WL 1157347, at *9 (N.D. Ill. Mar. 10, 2020) ("[A]s the Supreme Court has recognized, conclusions and methodology are not entirely distinct from one another, and while trained experts commonly extrapolate from existing data, nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert" (cleaned up)) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

15

At bottom, both the relevance and reliability of Sonenthal's report are sufficiently weak to justify excluding his proposed expert opinion from the evidentiary record. Accordingly, and in view of the considerations under *Daubert*, the motion to bar Sonenthal's proposed expert opinion is granted.

## IV. CONCLUSION

Plaintiffs present no evidence that the water near the entrance was anything other than a natural accumulation. The Court thus concludes that Plaintiffs cannot show negligence as a matter of law. Accordingly, Defendant is entitled to summary judgment. The Court also grants Defendant's motion to exclude expert testimony.

SO ORDERED in No. 19-cv-03303.

Date: March 10, 2022

JOHN F. KNESS
United States District Judge